UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM CAVANAGH,<br><br>                    Plaintiff,<br><br>          v.<br><br>TOWN OF ASHLAND, GREGORY FAWKES,<br>JOHN DRISCOLL, STEVEN ZANELLA,<br>KEVIN PIERS, CHRISTOPHER ALBERINI,<br>MICHAEL DIONNE, RICHARD BRIGGS,<br>and JOHN PETRIN,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 13-11223-WGY |

YOUNG, D.J.                                         March 12, 2014

ORDER

## I. INTRODUCTION

At a hearing on October 30, 2013, this Court heard a series

of motions to dismiss and motions for judgment on the pleadings.

See Def. Gregory Fawkes's Mot. Dismiss, ECF No. 17; Defs. John

Driscoll & Richard Briggs's Mot. Dismiss, ECF No. 20; Defs. John

Petrin & Town Ashland's Mot. J. Pleadings, ECF No. 28; Def.

Steven Zanella's Mot. J. Pleadings, ECF No. 30; Def. Michael

Dionne's Mot. J. Pleadings, ECF No. 32.  At this hearing, the

Court denied in part and granted in part Gregory Fawkes'

("Fawkes") motion to dismiss, denying Fawkes' motion as to

Counts I and III and granting it as to Counts II, IV, and V.

Elec. Clerk's Notes, Oct. 30, 2013, ECF No. 55.   The Court

granted the remaining motions -- dismissing all remaining counts without prejudice and permitting William Cavanagh ("Cavanagh"), within 30 days, to file a motion for leave to amend. Id.

On November 29, 2013, Cavanagh filed a motion for leave to file an amended complaint, seeking to amend the substance of his original allegations and to add a claim for defamation against Fawkes and Michael Dionne ("Dionne"). Pl.'s Mot. Leave File Am. Compl. ECF No. 57; Id., Ex. 1, Am. Compl. & Jury Demand, ECF No. 57-1 ("Amended Compl."). In response, on December 9, 2013, Fawkes, John Driscoll ("Driscoll"), and Richard Briggs ("Briggs") filed an opposition to Cavanagh's motion. Defs' Gregory Fawkes, John Driscoll, & Richard Briggs Opp'n Pl.'s Mot. Amend Compl., ECF No. 58. Two additional opposition motions were filed on December 12, 2013: one filed jointly by John Petrin ("Petrin") and the Town of Ashland ("Ashland"), and a second one filed by Steven Zanella ("Zanella"). Defs John Petrin & Town Ashland's Opp'n Pl's Mot. Amend. His Compl. & To Add Claims, ECF No. 59; Def. Steven Zanella's Opp'n Pl.'s Mot. To Amend Compl. To Add Claims, ECF No. 60. These oppositions all contend that the proposed amendments to Cavanagh's original complaint are futile.

Having had the opportunity to review Cavanagh's motion, and the objections filed by Fawkes, Driscoll, Briggs, Zanella,

Petrin, and Ashland, this Court ALLOWS, in part, Cavanagh's motion for leave to file an amended complaint.

## II. ANALYSIS

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 15 leave to amend ought be "freely give[n]."  Fed. R. Civ. P. 15(a)(2). This rule, however, does not provide a carte blanche right to amend.  Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013) ("this [principle] does not mean... that a trial court must mindlessly grant every request for leave to amend")(second emphasis in original) (quoting Aponte Torres v. University of P.R., 445 F.3d 50, 58 (1st Cir. 2006)); ; see also Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996).  Instead, the court may deny a request for leave where it is characterized by "undue delay, bad faith, dilatory motive, futility of amendment, [or] prejudice."  Glassman, 90 F.3d at 622 (quoting Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)); see also Maine State Bldg. & Const. Trades Council, AFL-CIO v. United States Dep't of Labor, 359 F.3d 14, 18-19 (1st Cir. 2004).

### B. Proposed Amendments: Enlarged Factual Allegations

The proposed amendments, though substantial in quantity, still fail to allege sufficient factual claims to maintain a

cause of action against Driscoll, Briggs, Zanella, Petrin, Dionne, or Ashland.

For a conspiracy to be actionable under 42 U.S.C. § 1983 "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws. . . . [The] plaintiff must allege and prove both a conspiracy and an actual deprivation of rights." Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980)(internal quotations omitted) (emphasis added).   Though the proposed amendments include (numerous) allegations of conspiracies between the defendants, the complaint still fails to allege plausible violations, by the aforementioned parties, of Cavanagh's constitutional rights.   Thus, this Court DENIES leave to amend those claims on account of futility.

**C. Proposed Amendments: Additional Claim ("Count VI")**

The proposed amended complaint seeks, inter alia, to add a Massachusetts state law claim for defamation by Fawkes and Dionne.  Amended Compl. ¶¶ 262-66.

**1. Defamation Claim:  Dionne**

Pursuant to 28 U.S.C. section 1367, this Court has supplemental jurisdiction over all claims that are "so related to claims" in a civil action of which it has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a); see also United Mine Workers

of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (a claim under state law may be heard in a federal court where it arises from "a common nucleus of operative fact"). Having previously dismissed all claims against Dionne and refused Cavanagh's motion for leave to amend, see above, there is no basis upon which to attach supplemental state law claims. As a consequence, this Court lacks either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 and therefore DENIES leave to add a claim for defamation against Dionne.

### 2. Defamation Claim: Fawkes

Defamation involves the "publication, either orally or in writing, of a statement concerning the plaintiff which is false and causes damage to the plaintiff. Yohe v. Nugent, 321 F.3d 35, 39-40 (1st Cir. 2003) (citing McAvoy v. Shufrin, 401 Mass. 593, 597 (1988)).  In Massachusetts, a defamation claim is established where the plaintiff satisfies the court that: "(1) a defendant made a false statement 'of and concerning' the plaintiff; (2) the statement could damage the plaintiff's reputation in the community; (3) the defendant was at fault in making the statement; and (4) the statement caused economic harm or is actionable without proof of economic loss." Albright v. Morton, 321 F. Supp. 2d 130, 134 (D. Mass. 2004) (Gertner, J.), aff'd sub nom. Amrak Prods., Inc. v. Morton, 410 F.3d 69 (1st

Cir. 2005); see also Yohe, 321 F.3d at 40. For instance, "[c]harges of crime are . . . actionable per se without proof of special damage." Sietins v. Joseph, 238 F. Supp. 2d 366, 378 (D. Mass. 2003) (Dein, J.) (quoting Bander v. Metro. Life Ins. Co., 313 Mass. 337, 341, 47 N.E.2d 595, 598 (1943)); accord Ball v. Wal-Mart, Inc., 102 F.Supp.2d 44, 49 (D. Mass. 2000) (Collings, J.) ("It is well-established in Massachusetts that words imputing a crime are defamatory per se").

In light of the allegations made by Cavanagh in his amended complaint, see Amended Compl. ¶¶ 34-54, this Court considers that there is a viable cause of action and that this proposed amendment is not futile. Consequently, the Court ALLOWS Cavanagh's motion to add this defamation claim against Fawkes.

## III. CONCLUSION

For the aforementioned reasons, this Court ALLOWS Cavanagh's motion for leave to file an amended complaint, ECF No. 57, only to the extent that it seeks to add a claim for defamation against Fawkes.

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE